IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**WALDER T. CONNER,**
  Petitioner,

v.            Case No.  5:07cv71/MCR/MD

**WALTER A. MCNEIL,**[1]
  Respondent.
_____

**ORDER and
<u>REPORT AND RECOMMENDATION</u>**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has filed a response seeking dismissal of the petition as time barred, providing relevant portions of the state court record.  (Docs. 6, 8).  Petitioner has responded in opposition to dismissal.  (Doc. 10).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

**BACKGROUND AND PROCEDURAL HISTORY**

Petitioner entered a counseled no contest plea to Burglary of a Dwelling with Assault, Armed Robbery with a Deadly Weapon, and Aggravated Battery with a Deadly Weapon in the Circuit Court of Holmes County, Florida, case number 00-248.

---

[1]Walter A. McNeil succeeded James R. McDonough as Secretary of the Florida Department of Corrections, and is automatically substituted as the respondent.  Fed.R.Civ.P. 25(d)(1).

(Doc. 1, p. 1; Doc. 8, Ex. A). On March 13, 2002 he was adjudicated guilty and sentenced to 14 years imprisonment followed by 10 years probation. (*Id.*). Petitioner did not file a direct appeal. (Doc. 1, p. 2; Doc. 8, Ex. A).

On August 8, 2003 petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Doc. 1, p. 3; Doc. 8, Ex. A, pp. 1-23).[2] The motion was denied. (Ex. A, p. 49). The Florida First District Court of Appeal ("First DCA") affirmed the denial order without written opinion on February 27, 2007. *Conner v. State*, 950 So.2d 1239 (Fla. Dist. Ct. App. 2007) (Table) (copy at Ex. E). The mandate issued on March 27, 2007. (Ex. E).

Petitioner filed the instant federal habeas petition on April 5, 2007. (Doc. 1, p. 14).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[2]Hereafter, all references to exhibits will be to those provided at Doc. 8, unless otherwise noted.

*Case No: 5:07cv71/MCR/MD*

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final. *See* 28 U.S.C. § 2244(d)(1).

Because petitioner did not appeal his judgment of conviction and sentence, they became final for purposes of § 2244(d)(1) on April 12, 2002, which is thirty days after rendition of the judgment. *See* FLA. R. APP. P. 9.110(b); *Walk v. State*, 707 So.2d 933 (Fla. Dist. Ct. App. 1998) (holding that if "a conviction and sentence are not appealed, they become final 30 days after they are entered."); *Gust v. State*, 535 So.2d 642 (Fla. Dist. Ct. App. 1988) (holding that if defendant does not appeal the conviction or sentence, judgment of conviction and sentence become final when the 30-day period for filing appeal expires). Thus, the federal habeas statute of limitations began to run on that date. The limitations period expired one year later, unless there were pending during that time any properly filed applications for state post-conviction or other collateral review. The record reveals that petitioner had no properly filed applications for state post-conviction or other collateral review pending during that critical period between April 12, 2002 and April 12, 2003;

therefore, his time for seeking federal habeas review expired on the latter date. The instant habeas petition, filed on April 5, 2007, is untimely.

Petitioner concedes his petition is untimely. (Doc. 10, pp. 3-4, 8). He does not assert that equitable tolling applies. Rather, he asserts that this court's refusal to consider his petition will result in a fundamental miscarriage of justice because the ineffective assistance claim presented in Ground 1 – that counsel was ineffective for failing to depose and present testimony of petitioner's fiancé – establishes petitioner's "actual innocence" of Robbery with a Firearm, one of the crimes to which petitioner pleaded no contest.[3] Assuming, without deciding, that an "actual innocence" exception to the limitations period exists,[4] the undersigned finds that petitioner has not stated a colorable claim of actual innocence.

The Eleventh Circuit has assumed that if actual innocence provides a basis for an exception to the limitations period, the evidentiary showing delineated by the United States Supreme Court in *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 85, 130 L.Ed.2d 808 (1995) would apply to determine whether the petitioner has made a credible showing of actual innocence. *See Arthur v. Allen*, 452 F.3d 1234 (11th Cir. 2006) (applying the *Schlup* standard to an untimely petition and holding that petitioner had not made a threshold showing of actual innocence), *modified on other*

---

[3]Specifically, petitioner contends:

> During evidentiary proceedings, defense counsel, John E. Roberts, Esquire, testified that a written statement provided by the petitioner's fiancé, Jacqueline Sue Bryan, was unfavorable. The unfavorable portion of her statement was with regards to the altercation which led to the charge of aggravated battery. Further inquiry would have revealed petitioner's "actual innocence" of the more serious charge of armed robbery with a weapon. Ms. Bryan's testimony would have shown that the items the victim complains were stolen were, in fact, stolen <u>prior to</u> the battery incident and that <u>no armed robbery occurred</u>. This critical information was not solicited merely because Mr. Roberts found petitioner's fiance's statement to be inculpatory to the charge of burglary. This erroneous tactical decision by counsel was "unreasonable" and prejudiced petitioner by his conviction to an offense he did not commit.

(Doc. 10, pp. 5-6).

[4]*See Taylor v. Secretary, Dep't of Corrections*, 230 Fed. Appx. 944, at *1 (11th Cir. July 25, 2007) ("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because Taylor has failed to make a substantial showing of actual innocence.").

Case No: 5:07cv71/MCR/MD

*grounds on reh'g,* 459 F.3d 1310 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 2033, 167 L.Ed.2d 763 (2007); *Sibley v. Culliver,* 377 F.3d 1196, 1205-06 (11th Cir. 2004) (same). In *Schlup,* the Supreme Court set forth the standard of proof governing a habeas petitioner's procedural claim of actual innocence:  The petitioner must show that constitutional error "probably resulted" in the conviction of one who is actually innocent.  *Id.,* 513 U.S. at 324, 326-27, 115 S.Ct. at 865, 867.  A mere allegation of innocence is not enough; "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  *Schlup*, 513 U.S. at 324, 115 S.Ct. at 865; *see also House v. Bell*, 547 U.S. 518, 536-58, 126 S.Ct. 2064, 2077, 165 L.Ed.2d 1 (2006) (reaffirming the standard for the actual innocence exception as that articulated in *Schlup v. Delo, supra*).

Here, petitioner's claim of actual innocence is hindered at the outset by a fatal shortcoming – he has not presented to this court any actual evidence of his factual innocence.[5]  *See, e.g., Sibley*, 377 F.3d at 1206 (rejecting actual innocence claim where petitioner presented no evidence, by affidavit or otherwise, to show what the purported witness would, in fact, have testified).  As petitioner has not made a threshold showing of actual innocence under *Schlup*, he cannot use "actual innocence" as a gateway through which to obtain consideration of his untimely petition.

## CONCLUSION

The instant petition for writ of habeas corpus is untimely.  The record does not support the application of the equitable tolling doctrine or any other exception to the limitations period.

---

[5]Because the court has no access to the plea colloquy, the undersigned will not address the effect of petitioner's no contest plea.

*Case No: 5:07cv71/MCR/MD*

Accordingly, it is **ORDERED**:

The clerk shall change the docket to reflect that Walter A. McNeil has been substituted as respondent in this cause.

And it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (doc. 1) challenging the convictions and sentences in *State of Florida v. Walder T. Conner*, in the Circuit Court of Holmes County, Florida, case number 00-248, be **DISMISSED WITH PREJUDICE**.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 14th day of May, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**